IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

WILLIE BACON,　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　　Petitioner,　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:　　CASE NO.　7 : 12-CV-90130 (HL)
　　　　　　　　　　　　　　　　　　　　:　　　　　　28 U.S.C. § 2255
　　　　　　　　　　　　　　　　　　　　:　　CASE NO.　7 : 07-CR-08 (HL)
　　　　　　　　　　　　　　　　　　　　:
　　　VS.　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
UNITED STATES OF AMERICA,　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　　Respondent.　　　　　　　　　　 :

ORDER AND RECOMMENDATION

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255, filed on June 5, 2012, is before this Court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.  (Doc. 38).  Petitioner filed a Motion to Amend his § 2255 Motion on June 12, 2012, wherein he provides additional argument and his affidavit in support of his claims.  (Doc. 41).  Said Motion to Amend is hereby **GRANTED**.  It appears that Petitioner's § 2255 Motion is subject to summary dismissal under Rule 4, as it is untimely filed.

**Procedural History**

The Petitioner was charged in a one-count indictment with the offense of possession with the intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

(Doc. 1). On August 29, 2007, the Petitioner entered into a Plea Agreement with the Government and pled guilty to the offense as charged in the indictment. (Doc. 20). Petitioner was sentenced on February 7, 2008 to 135 months imprisonment followed by 3 years of Supervised Release. (Doc. 27). Petitioner did not appeal his conviction or sentence.

Petitioner filed his Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 on June 5, 2012, asserting that the one-year statute of limitations governing this Motion did not begin to run until he completed his state sentence on May 31, 2011, and raising as a ground for relief the alleged ineffective assistance of counsel, in that counsel failed to object to the district court's failure to apply U.S.S.G. § 5G1.3(b). (Doc. 38).

Section 2255(f) provides that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner's conviction became final on February 25, 2008, fourteen (14) days after the entry of judgment on February 11, 2008, when the time for filing an appeal expired.[1] Thus, he had until February 25, 2009 to file his habeas Petition.  Petitioner's assertion that the statute of limitations did not begin to run until he was in federal custody serving his federal sentence is without merit.  "The [AEDPA] provides, *inter alia*, that a habeas petition may not be filed more than one year from 'the date on which the judgment becomes final'." *Kaufmann v. United States*, 282 F.3d 1336, 1337 (11th Cir. 2002). Furthermore, a prisoner serving consecutive sentences is considered in custody under each sentence.  *Garlotte v. Fordice*, 515 U.S. 39 (1995); *Peyton v. Rowe*, 391 U.S. 54 (1968); *Simmons v. United States*, 437 F.2d 156, 158-59 (5th Cir. 1971) ("a prisoner serving consecutive sentences is 'in custody' under any one of them for the purposes of 2255.").

The Court notes that the Petitioner has not established a basis for equitable tolling of the statute of limitations period.  A petitioner is "entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (internal citations omitted); *Hutchinson v. Florida*, 677 F.3d 1097 (11th Cir. 2012).  Petitioner asserts that during his incarceration in state custody between March 25, 2008 and May 31, 2011, he had no access to a "federal law library" or to the proper forms for filing a § 2255 Motion.  Petitioner maintains that he believed his state and

---

[1] A defendant has fourteen (14) days after final judgment is entered to file a Notice of Appeal.  Fed. R. App. P. 4(b)(1(A).  If no appeal is filed, the one-year statute of limitations governing § 2255 motions begins to run fourteen (14) days after judgment is entered.  *Clay v. United States*, 537 U.S. 522 (2003).

federal sentences were running concurrently until he received a sentencing computation sheet from the Bureau of Prisons "after July 6, 2011". In his affidavit supporting his § 2255 Motion, the Petitioner states that his attorney informed him that his sentences would run concurrently, and that said counsel was ineffective for failing to object to the district court's failure to apply U.S.S.G. § 5G1.3(b), which allegedly would have assured that Petitioner's sentences ran concurrently. (Doc. 41-1).

However, the Court finds that the Petitioner has failed to establish diligence on his part to secure federal habeas relief. The facts as alleged by the Petitioner show that he waited a year after being transferred into Federal prison and learning that his sentences did not run concurrently before filing this § 2255 motion. *See Hutchinson*, 677 F.3d at 1102-03 (petitioner failed to show he acted diligently to pursue his rights, as he waited to file federal petition for three (3) years after learning deadline had been missed by attorneys); *Chavez v. Sec'y. Florida Dep't. of Corrections*, 647 F.3d 1057, 1072 (11th Cir. 2011) (petitioner failed to show he acted with diligence in pursuing his rights, in that record showed no attempts by petitioner to advance his case); *San Martin v. McNeil*, 633 F.3d 1257, 1272 (11th Cir. 2011) (petitioner made no showing of his reasonable diligence in attempting to have habeas petition filed). Furthermore, although Petitioner alleges he did not know his federal sentence was running consecutive to his state sentence until after July 6, 2011, he was transferred into a federal prison by June 1, 2011, and therefore must have understood by at least that time that he remained in federal custody. The Court notes as well that the Petitioner states in his § 2255 Motion that he "did not file a direct appeal

4

because he was aware at that time his federal sentence would not commence until June 1, 2011". (Doc. 38, p. 7, ¶ 13). Plaintiff has not shown he pursued his rights diligently, and thus, he is not entitled to equitable tolling.

Inasmuch as this § 2255 Motion is untimely filed and the Petitioner has not established his entitlement to equitable tolling, it is the recommendation of the undersigned that this § 2255 motion be **DISMISSED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order. If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

SO ORDERED and RECOMMENDED, this 29th day of August, 2012.

                                                    s/ ***THOMAS Q. LANGSTAFF***
                                                    UNITED STATES MAGISTRATE JUDGE

asb