IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

**UNITED STATES OF AMERICA,**

v.

**WILLIE BACON**,

    Defendant.

Case No. 7:07-CR-8 (HL)

### ORDER

This case is before the Court on Defendant's Motion Pursuant to 5G1.3 (Doc. 58), which the Court construes as motion for credit for time served.

On March 3, 2004, Defendant was sentenced in the Superior Court of Lowndes County to a term of eight years of probation. While on probation, Defendant was charged in a one-count federal indictment with the offense of possession with the intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). On August 29, 2007, Defendant entered a guilty plea to the indictment. On February 11, 2008, Defendant was sentenced to 135 months imprisonment and three years of supervised release.

As a result of the drug offense, Defendant was charged with violating the terms of his state probation. On March 19, 2008, Defendant admitted to violating the terms and conditions of his probation, and with Defendant's consent, the remainder of his probated sentence was revoked in full. At the time of revocation, Defendant's state sentence had a scheduled expiration of March 3, 2012.

Defendant was placed into state custody, where he remained until July of 2011. At that time, Defendant was transferred into federal custody, where he remains today. Defendant now seeks credit against his federal sentence for the time served in state custody.

The Attorney General through the Bureau of Prisons is authorized to compute sentence credit awards after sentencing. District courts are not. <u>Dawson v. Scott</u>, 50 F.3d 884, 889 (11th Cir. 1995). The Attorney General delegated his authority in this area to the Bureau of Prisons, <u>United States v. Lucas</u>, 898 F.2d 1554, 1555-56 (11th Cir. 1990), which has established regulations setting out "the procedures that prisoners must pursue prior to seeking relief in the district court." <u>United States v. Herrera</u>, 931 F.3d 761, 764 (11th Cir. 1991) (quotation omitted).

An inmate must exhaust his administrative remedies with the Bureau of Prisons before seeking judicial relief. <u>Skinner v. Wiley</u>, 355 F.3d 1293, 1295 (11th Cir. 2004). If an inmate exhausts his administrative remedies and is unsatisfied with the decision of the Bureau of Prisons, he may then file a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* <u>United States v. Nyhuis</u>, 211 F.3d 1340, 1345 (11th Cir. 2000) ("A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies.") (citation omitted).

There is nothing in Defendant's motion or in the record of this case that demonstrates Defendant has exhausted his administrative remedies with the Bureau of Prisons. Accordingly, the Court is without jurisdiction to entertain Defendant's motion.

Defendant's Motion Pursuant to 5G1.3 (Doc. 58) is dismissed. If still unsatisfied after exhausting his administrative remedies, Defendant may file a habeas corpus petition in the United States District Court for the Northern District of Georgia.[1]

**SO ORDERED**, this the 17th day of October, 2013.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh

---

[1] A petition for writ of habeas corpus pursuant to § 2241 "may be brought only in the district court for the district in which the inmate is incarcerated." Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991).