IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **WILLIE BACON**, <br><br>     Defendant. | Case No. 7:07-CR-8 (HL) |

### ORDER

Before the Court is Defendant Willie Bacon's Motion for Clarification and Reconsideration (Doc. 67) of the Court's April 28, 2015 Order (Doc. 64) denying his request for a sentence reduction. Having reviewed the Motion and the applicable law, Defendant's Motion is denied.

On August 29, 2007, Defendant pled guilty to a one-count indictment charging Defendant with possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). The Court thereafter sentenced Defendant to serve 135 months in prison, followed by 3 years of supervised release. This sentence was based on a total offense level of 29, which was calculated under U.S.S.G. § 4B1.1 because Defendant qualified as a career offender. Based on a total offense level of 29 and a criminal history category of VI, Defendant's guideline range was 151 to 188 months in prison. Pursuant to U.S.S.G. § 5K1.1, the Court then departed from the advisory guideline range to impose a sentence of 135 months.

Defendant filed a *pro se* Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines (Doc. 62) on February 23, 2015. The Court denied the motion on April 28, 2015. (Doc. 64). Defendant now moves the Court to reconsider its Order denying his motion to reduce his prison sentence, asserting that he is entitled to a sentence reduction based on Amendment 782, which provides a two-level reduction in the base level offenses for most drug offenses under U.S.S.G. § 2D1.1(c)'s Drug Quality Table. United States v. Thomas, 606 F. App'x 556 (11th Cir. 2015) (citing U.S.S.G. app. C, amend. 782 (2014)). Defendant argues that the reduction reduces his sentencing range to 97 to 121 months and further suggests that based on the policy statement set forth in U.S.S.G. § 1B1.10(b)(2)(A) he should be resentenced at the low end of the guideline range.

As a general rule, "a court cannot use an amendment to reduce a sentence in a particular case unless that amendment actually lowers the guidelines range in that case." United States v. Glover, 686 F.3d 1203, 1206 (11th Cir. 2012). In this particular context, a defendant "whose sentence is based on the career offender guideline, U.S.S.G. § 4B1.1, not on the drug quantity tables, [U.S.S.G.] § 2D1.1, is ineligible for a sentence reduction under Amendment 782." United States v. Cleveland, No. 14-15296, 2015 WL 3650655, at *1 (11th Cir. June 15, 2015). A defendant sentenced as a career offender is ineligible for such a reduction because Amendment 782 does not affect the guideline range upon which his sentence was based. United States v. Moore,

541 F.3d 1323, 1330 (11th Cir. 2008) ("Where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence.").

This Court denied Defendant's previous motion to reduce his sentence pursuant to Amendment 782 because Defendant was sentenced according to the career offender guideline, U.S.S.G. § 4B1.1, and not the drug offense guideline, U.S.S.G. § 2D1.1. Since Amendment 782 does not affect the sentencing range, Defendant is not entitled to a sentence reduction based on Amendment 782. Accordingly, Defendant's Motion for Reconsideration (Doc. 67) is denied.

**SO ORDERED**, this the 30th day of November, 2015.

*/s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks